JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL CORTEZ-DIAZ, <br><br>Petitioner, <br><br>v. <br><br>FELIPE MARTINEZ, JR., Warden, <br><br>Respondent. | Case No. CV 20-2039 CJC (MRW) <br><br>**ORDER DISMISSING ACTION** |

The Court dismisses Petitioner's successive habeas petition without prejudice for lack of jurisdiction.

\* \* \*

1. Petitioner is an inmate at the federal prison in Victorville. He filed a habeas petition in this district under 28 U.S.C. § 2241 challenging his drug trafficking conviction and sentence.

2. In 2012, a federal jury in the District of Kansas convicted Plaintiff of several counts of possessing and distributing methamphetamine. The district court imposed a life sentence based on the

1 quantity of drugs involved and Petitioner's leadership role in the drug trafficking organization. (Docket # 9 at 6-7.) The Tenth Circuit Court of Appeals affirmed the sentence. United States v. Cortez-Diaz, 565 F. App'x 741 (10th Cir. 2014).

3. After that, Petitioner pursued post-conviction relief in the Kansas district court. In 2017, the district court denied an ineffective assistance of counsel claim that Petitioner brought under 28 U.S.C. § 2255. The court also dismissed a Section 2255 motion in 2018 regarding his sentence (allegedly for newly discovered evidence, but "merely a rehashing of claims previously rejected by the court" at sentencing) as successive under Section 2255. (Docket # 9 at 8-9.)

4. In the current action that Petitioner filed in this district, Petitioner again challenges his Kansas drug conviction and sentence. The petition alleges error with a jury instruction at trial and other factual findings regarding the quantity of methamphetamine involved in the narcotics trafficking. Petitioner also contends that his indictment was "multiplicitous" in how it charged the drug offenses. (Docket # 1 at 3-4.)

5. The government moved to dismiss the action. (Docket # 9.) The government argues that Petitioner's Section 2241 petition is really a disguised and improper motion under Section 2255. (Docket # 7, 11.)

\* \* \*

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Local Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge); Rule 4(b) of Rules Governing Section 2255 Cases in United States

1  District Courts (petition may be summarily dismissed if petitioner plainly
2  not entitled to relief).

3     7.    This Court does not have jurisdiction over Petitioner's claims.
4  "As a general rule," federal inmates may collaterally attack their conviction
5  or sentence only under 28 U.S.C. § 2255. Alaimalo v. United States, 645
6  F.3d 1042, 1046 (9th Cir. 2011). However, a federal prisoner may also seek
7  a writ under 28 U.S.C. § 2241. That statute permits a prisoner to
8  "challenge the manner, location, or conditions of a sentence's execution" by
9  habeas review in the district in which the inmate is confined. Hernandez
10 v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

11     8.    The statutes overlap in the "exceptional case" in which a
12 petition "qualifies for the escape hatch of [Section] 2255, and can
13 legitimately be brought as a [Section] 2241 petition." Harrison v. Ollison,
14 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under
15 Section 2255(e) allows a federal prisoner to pursue relief under Section
16 2241 where it appears that a habeas petition in the sentencing court is
17 "inadequate or ineffective to test the legality of his detention." Id. at 956.
18 To apply the escape hatch, a district court must first answer the "threshold
19 jurisdictional question" of "whether a petition is properly brought under
20 § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the
21 merits of the claim." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

22     9.    A prisoner may qualify for the escape hatch – and bring a
23 Section 2241 petition in the district in which the prisoner is incarcerated –
24 when she or he "(1) makes a claim of actual innocence, and (2) has not had
25 an unobstructed procedural shot at presenting that claim." Alaimalo, 645
26 F.3d at 1047 (quotation omitted). However, a "purely legal claim that has
27 nothing to do with factual innocence [ ] is not a cognizable claim of 'actual
28

innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." Marrero, 682 F.3d at 1194 (actual innocence "means factual innocence, not mere legal insufficiency") (citation omitted).

10. As for the "unobstructed procedural shot" component, a prisoner must show that: (1) "the legal basis for petitioner's claim [of actual innocence] did not arise until after he had exhausted his direct appeal and first § 2255 motion"; and (2) "the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960. An intervening court decision "must effect a material change in the applicable law" to satisfy this test. Alaimalo, 645 F.3d at 1047 (quotation omitted); Allen v. Ives, 950 F.3d 1184, 1190 (9th Cir. 2020) ("retroactive intervening change in the law may render a petitioner factually innocent of a predicate crime," allowing use of escape hatch if not previously challenged).

* * *

11. Petitioner is not entitled to consideration of his habeas claims under Section 2241's escape hatch. In his papers in this Court (Docket # 1, 7, 11), Petitioner identifies no new evidence or any new law that affects his criminal conviction or sentence. Instead, he merely advances (or, in some respects, re-advances) arguments regarding his original criminal proceedings.

12. That is insufficient to establish a cognizable claim of actual, factual innocence. Alaimalo, 645 F.3d at 1047; Marrero, 682 F.3d at 1194. It also fails to demonstrate that Petitioner has been denied an unobstructed "shot" at his challenges in the proper court of conviction. Harrison, 519 F.3d at 960; Allen, 950 F.3d at 1190. To the contrary,

Petitioner has already pursued at least two post-appeal motions in the Kansas trial court.

13. The Court summarily concludes that Petitioner's action is a disguised Section 2255 challenge to his conviction and sentence. Petitioner has not obtained authorization from a federal appellate court to file this successive (and perhaps untimely) action in this district court. As a result, this Court does not have jurisdiction over the matter.[1] Marrero, 682 F.3d at 1194.

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: July 7, 2020

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner's cursory argument regarding Section 2255's interplay with the Suspension Clause (Docket # 11 at 3) is also without merit. See, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1996) (statutory limits on second/successive habeas petitions "do not amount to a 'suspension' of the writ" as prohibited under the Constitution).